IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

JOSUE RIOS, YOLANDA RIOS,

       Plaintiffs,                  No. 2:12-cv-02439-KJM-AC

     v.

BANK OF AMERICA, dba
Countrywide Home Loans, Inc., dba
Recon Trust, et al.,

       Defendants.               <u>ORDER</u>
_____/

        This matter is before the court on the motion to dismiss filed by Bank of America, N.A., Mortgage Electronic Registration Systems, Inc., and Federal National Mortgage Association ("defendants"). (ECF 6.)[1] The motion was decided without a hearing. For the reasons below, the court GRANTS defendants' motion.

/////

/////

---

[1] The court notes that all three defendants here were sued under erroneous names, but this error is not fatal as defendants do not seek dismissal on this basis and the court is granting leave to amend. Plaintiffs also sued Alliance Title Company, who was served but has yet to appear in this action.

1

I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed their pro se complaint on September 27, 2012, alleging what appear to be ten[2] causes of action relating to a pending foreclosure on plaintiffs' home: 1) violation of California Civil Code § 2923.5; 2) fraud under 18 U.S.C. § 1343 and § 1956(b); 3) intentional misrepresentation; 4) violation of California Civil Code § 2923.6; 5) fraud under California Civil Code § 1572; 6) violation of California Business and Professional Code § 17200 (captioned as a violation of California Civil Code § 1572); 7) usury; 8) conversion; 9) conspiracy to commit conversion; and 10) fraudulent concealment.  (ECF 1.)  Defendants filed the pending motion to dismiss on December 14, 2012.  While defendants purport to seek dismissal of all claims, they do not address the fraudulent concealment claim in their motion. (ECF 6.)  On January 16, 2013, plaintiffs, through their newly obtained counsel, filed an opposition in which they request leave to amend their pro se complaint.  (ECF 10.)  Defendants filed a reply on February 6, 2013.  (ECF 17.)

II.   STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[2] Plaintiffs do not state a first cause of action in the body of their complaint, but in the case caption, which identifies only seven claims, they state their first claim is under California Civil Code § 2923.5.  Further, plaintiffs number both conspiracy to commit conversion and fraudulent concealment as the ninth cause of action.  (Compl. ¶¶ 86, 190–222.)  The court construes fraudulent concealment as the tenth cause of action.

(2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action . . . .'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense*." Id.* at 679.  Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quoted in *Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A court's consideration of documents attached to a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment.  *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003).

Federal Rule of Civil Procedure 15(a)(2) states "[t]he court should freely give leave [to amend pleadings] when justice so requires" and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).  "In exercising its discretion [to grant or deny leave to amend] 'a court must be guided by the underlying purpose of Rule 15 — to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).  However, "the liberality in granting leave to amend is subject to several limitations.  Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue

delay." *Ascon Props.*, 866 F.2d at 1160 (internal citations omitted).  In addition, a court should look to whether the plaintiff has previously amended the complaint, as "the district court's discretion is especially broad 'where the court has already given a plaintiff one or more opportunities to amend [its] complaint.'"  *Id.* at 1161 (quoting *Leighton*, 833 F.2d at 186 n.3).

III.   ANALYSIS

Defendants argue that each of plaintiffs' claims fails for two reasons. First, as a threshold matter, plaintiffs have not alleged complete tender of the debt.  (Mot. to Dismiss at 4-5, ECF 6.)  Second, plaintiffs have not adequately pled facts sufficient to support any of their claims.  (*Id.* at 3–4.)  Defendants also assert inadequate pleading arguments specific to each of plaintiffs' causes of action.  (*Id.* at 5–14.)

Plaintiffs counter that tender of the outstanding debt is not required to succeed on any of their claims.  (Opp'n at 5–7, ECF 10.)  Plaintiffs voluntarily abandon their usury cause of action (claim seven) and do not respond to defendants' arguments against their conversion causes of action (claims eight and nine).  (*Id.* at 5.)  In reply, defendants argue the court should deny leave to amend because each of plaintiff's claims cannot be saved by amendment.  (Reply at 2–5, ECF 17.)

The court grants defendants' motion but gives plaintiffs leave to amend all claims but usury (claim seven).

A.   Threshold Requirement of Tender (All Claims)

Defendants assert each of plaintiffs' claims should be dismissed because plaintiffs do not allege tender of the debt in full.  (ECF 6 at 4–5 (quoting *Alicea v. GE Money Bank*, No. C-09-00091 SBA, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009)).)  The tender requirement applies to all claims that are "implicitly integrated" with the foreclosure sale, defendants contend.  (*Id.* at 4 (quoting *Abdallah v. United Savs. Bank*, 43 Cal. App. 4th 1101, 1109 (Cal. Ct. App. 1996)).)  Defendants argue the rationale behind the tender requirement is that a plaintiff who has defaulted cannot pay the full amount owing to redeem the property, rendering an injunction of the foreclosure sale "nothing but an idly and expensively futile act."
/////

(*Id.* (quoting *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 579 (Cal. Ct. App. 1984)).)

Plaintiffs counter that defendants' authorities requiring tender are distinguishable because the plaintiffs in those cases were seeking to set aside a foreclosure sale that had already occurred. (ECF 10 at 5-7.) Plaintiffs further argue that, once they are allowed to amend and improve their complaint with the help of counsel, it will become clear that tender is not required to sustain any of their causes of action. (*Id.* at 7).

This court previously has acknowledged the debate in the case law on whether a party must tender the full amount of the indebtedness when challenging a foreclosure that has not yet occurred. *McGuire v. Recontrust Co., N.A.,* No. CIV S–11–2787 KJM–CKD, 2012 WL 4510675, at *3 (E.D. Cal. Sep. 30, 2012); *compare Alicea*, 2009 WL 2136969, at *3 (stating that tender is required when "a foreclosure is either pending or has taken place") *with Vissuet v. Indymac Mortg. Servs.*, No. 09-CV-2321-IEG (CAB), 2010 WL 1031013, at *2–3 (S.D. Cal. Mar. 19, 2010) (stating that the tender rule applies only when a plaintiff is attempting to set aside a foreclosure). While declining to reach the question in this case, the court does find that none of plaintiffs' remaining claims is definitively barred by the tender rule such that granting leave to amend would be futile. Defendants of course are not barred from renewing this argument once plaintiffs have filed an amended complaint.

B.     Insufficient Factual Pleading

Plaintiffs, through their newly-acquired counsel, acknowledge in their opposition that their pro se complaint does not allege sufficient facts to survive the present motion and therefore seek leave to amend claims one through six. (ECF 10 at 5.) Plaintiffs do not address defendants' motion to dismiss their conversion causes of action (claims eight and nine).

The court grants defendants' motion but gives plaintiffs leave to amend because defendants' arguments do not demonstrate that granting leave to amend would be futile. *Ascon Props.*, 866 F.2d at 1160. Although plaintiffs did not specifically ask for leave to amend their conversion claims, the court similarly cannot find amendment futile at this stage. As no party

5

1 has addressed claim ten, fraudulent concealment, it survives; plaintiffs' counsel may wish to
2 revisit it in the course of preparing an amended complaint.

## IV. CONCLUSION

      For the foregoing reasons, defendants' motion to dismiss is GRANTED in its entirety. Accordingly:

      1. Claims one through six, eight and nine are dismissed without prejudice; and

      2. Claim seven is dismissed with prejudice.

      IT IS SO ORDERED.

DATED: March 21, 2013.

_____
UNITED STATES DISTRICT JUDGE