1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

10   JOSUE RIOS and
     YOLANDA RIOS,
11
                    Plaintiffs,                  2:12-CV-02439-KJM-AC
12
13          vs.                                  ORDER

14   BANK OF AMERICA D/B/A
     COUNTRYWIDE HOME LOANS INC.;
15   BANK OF AMERICA D/B/A
     RECONTRUST; ALLIANCE TITLE
16   COMPANY; MORTGAGE ELETRONIC
     REGISTRATIONS SYSTEM; FEDERAL
17   NATIONAL MORTGAGE
     ASSOCIATION D/B/A FANNIE MAE;
18   and DOES 1-50, inclusive,
19
                    Defendants.
20   _____/

21

22          This matter is before the court on the motion to dismiss the First Amended

23   Complaint filed by defendants Bank of America, N.A. ("Bank of America") (erroneously sued as

24   "BANK OF AMERICAN D/B/A COUNTRYWIDE HOME LOANS INC." and "BANK OF

25   AMERICA D/B/A RECONTRUST"); Mortgage Electronic Registration Systems, Inc. ("MERS")

26   (erroneously sued as "MORTGAGE ELECTRONIC REGISTRATION SYSTEM"); and Federal

27   National Mortgage Association D/B/A Fannie Mae ("Fannie Mae") (collectively, "defendants").

28   (ECF 37.)  The court ordered the motion submitted and now GRANTS the motion.

1

1    I.        ALLEGATIONS AND PROCEDURAL HISTORY

2              Around June 21, 2005, plaintiffs Josue Rios and Yolanda Rios obtained a loan

3    from Countrywide Home Loans, Inc. for $276,800.  (First Amended Complaint ("FAC") ¶ 8,

4    ECF 26.)  The loan was secured by a Deed of Trust on the real property located at 9125 La

5    Riviera Drive, Sacramento.  (*Id.* ¶¶ 1, 8; Def.'s Req. for Judicial Notice, Ex. A, ECF 38-1.)[1]

6    Originally serving as both lender and trustee, Countrywide assigned plaintiffs' Note and Deed of

7    Trust to Citimortgage around July 5, 2005.  (FAC ¶¶ 9–10 & Ex. B, ECF 38-1.)  Plaintiffs made

8    regular on-time payments on the loan for several years.  (FAC ¶ 11.)

9              In September 2009, Countrywide Home Loans, Inc. executed a Substitution of

10   Trustee and Assignment of Deed of Trust that was recorded in October 2009 and substituted

11   Recontrust as trustee.  (Ex. C, ECF 38-1.)  In March 2010, Recontrust recorded a Notice of

12   Trustee's Sale for default under the Deed of Trust.  (Ex. I, ECF 38-1.)  In November 2010,

13   Countrywide executed and recorded a Substitution of Trustee and Assignment of Deed of Trust,

14   purporting to substitute Recontrust as trustee in place of Countrywide.  (FAC ¶ 12; Ex. D, ECF

15   38-1.)  T. Sevillano, as Assistant Secretary of Countrywide, signed the 2010 Substitution.  (FAC

16   ¶ 12; Ex. D, ECF 38-1.)  Recontrust filed and recorded a Notice of Trustee's Sale in February

17   2011.  (FAC ¶ 13; Ex. E, ECF 38-1.)  In January 2013, Citimortgage executed and recorded a

18   Substitution of Trustee and Full Reconveyance, substituting itself as trustee.  (FAC  ¶ 14.)  On

19   February 14, 2013, plaintiffs executed and submitted an application for a loan modification to

20   Bank of America.  (*Id.* ¶ 15.)  On February 21, 2013, Recontrust executed a Notice of Rescission

21   of Declaration of Default and Demand for Sale and Notice of Default and Election to Sell, which

22   was recorded on February 26, 2013.  (*Id.* ¶ 16.)

23             Plaintiffs filed their original complaint in the instant action on September 27, 2012

24   (ECF 1) and their First Amended Complaint on May 29, 2013 (FAC).  Plaintiffs assert four

25   causes of action: (1) fraud and fraud in the inducement against all defendants; (2) breach of

26

27             [1] The court grants defendants' request for judicial notice of Exhibits A through I, as
     discussed below.

28

1    contract against all defendants; (3) wrongful foreclosure against all defendants; and (4) a violation

2    of Business and Professions Code § 17200 against all defendants.  (*Id.*)  Defendants filed the

3    present motion to dismiss on September 20, 2013.  (ECF 37.)  Plaintiffs have not filed an

4    opposition, so this court considers defendants' motion to dismiss alone.[2]

5    II.     STANDARDS FOR A MOTION TO DISMISS

6            Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to

7    dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may

8    dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged

9    under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

10   1990).  A motion to dismiss under this rule may also challenge the sufficiency of fraud allegations

11   under the more particularized standard of Rule 9(b) of the Federal Rules of Civil Procedure.

12   *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).

13           Although a complaint need contain only "a short and plain statement of the claim

14   showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), in order to survive a motion

15   to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a

16   claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

17   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something

18   more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and

19   conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Id.* (quoting

20   *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to dismiss

21   for failure to state a claim is a "context-specific task that requires the reviewing court to draw on

22   its judicial experience and common sense."  *Id.* at 679.  Ultimately, the inquiry focuses on the

23   interplay between the factual allegations of the complaint and the dispositive issues of law in the

24   action.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

25   /////

26   _____

27   [2] Plaintiffs are cautioned that future failures to follow court rules may result in an order to show cause as to why sanctions should not be imposed.  *See* Local Rule 230(c).

28

1    In making this context-specific evaluation, this court must construe the complaint

2  in the light most favorable to the plaintiff and accept as true the factual allegations of the

3  complaint.  *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).  This rule does not apply to "'a legal

4  conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quoted

5  in *Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject to

6  judicial notice" or to material attached to or incorporated by reference into the complaint.

7  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988–89 (9th Cir. 2001).  A court's

8  consideration of documents attached to a complaint or incorporated by reference or matter of

9  judicial notice will not convert a motion to dismiss into a motion for summary judgment.  *United*

10  *States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003).

11  III.    <u>ANALYSIS</u>

12    The defendants seek to dismiss all of plaintiffs' claims for failure to state a claim

13  for which relief can be granted.  (ECF 37.)  In support of their motion to dismiss, defendants filed

14  a request for judicial notice.  (ECF 38.)  As a threshold matter, the court considers this request.

15    Defendants ask this court to take judicial notice of nine exhibits that are each

16  recorded in the Sacramento County Recorder's Office.  (Exs. A–I, ECF 38-1.)  A court may

17  generally take judicial notice of the existence of matters of public record but must base judicial

18  notice of the contents of those documents on their inability to be reasonably questioned.  *See*

19  *Lee v. County of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).  Because there is no reason

20  to question authenticity and because the exhibits are all public records, the court hereby takes

21  judicial notice of Exhibits A through I.

22      A.    Tender

23    Defendants first argue all of plaintiffs' claims fail because plaintiffs do not allege

24  tender of the undisputed obligation in full.  (ECF 37 at 4.)  Defendants contend all of plaintiffs'

25  claims are implicitly integrated with the foreclosure sale and therefore are all subject to the tender

26  requirement.  (*Id.*)

27    District courts have split on the question of whether tender is required in the pre-

28  foreclosure setting.  *Compare Alicea v. GE Money Bank*, No. C-09-00091 SBA, 2009 WL

1  2136969, at *3 (N.D. Cal. July 16, 2009) (stating that tender is required when "a foreclosure is

2  either pending or "has taken place") *with Vissuet v. Indymac Mortg. Servs.*, No. 09-CV-2321-IEG

3  (CAB), 2010 WL 1031013 (S.D. Cal. Mar. 19, 2010) (stating that the tender rule applies only

4  when a plaintiff is attempting to set aside a foreclosure).  Recognizing this split, this court has

5  recently determined that "[t]ender is required only when foreclosure has already occurred and the

6  plaintiff alleges irregularities in the foreclosure process itself." *McGarvey v. JP Morgan Chase*

7  *Bank, N.A.*, No. 2:13-CV-01099-KJM, 2013 WL 5597148, at *11 (E.D. Cal. Oct. 11, 2013); *see*

8  *also Vong v. Bank of Am., N.A.*, No. CIV. S-12-2860 LKK, 2013 WL 2254243, at *8 (E.D. Cal.

9  May 22, 2013) (finding tender is not required where a plaintiff seeks to enjoin a trustee sale for

10  failure to comply with a condition precedent to the sale).  The court sees no reason to modify this

11  conclusion at this juncture.

12          Here, as defendants point out, plaintiffs' property has not yet been sold at a

13  trustee's sale.  (ECF 37 at 8.)  Because plaintiffs are not seeking to set aside a foreclosure sale

14  that has already occurred, they are not required to plead credible tender before bringing their

15  claims.

16          B.       Fraud and Fraud in the Inducement (Claim One)

17          Defendants argue plaintiffs' fraud claim fails because plaintiffs provide no

18  supporting factual allegations and fail to plead with requisite particularity.  (ECF 37 at 5.)

19  Additionally, defendants argue the claim fails because it is based on the mistaken assumption that

20  the 2010 Substitution of Trustee was invalid, which caused defendant Recontrust to have no

21  authority under the Deed of Trust.  (*Id.* at 6.)  Defendants also point the court to Exhibit C of the

22  Request for Judicial Notice to show that, by the time of the allegedly invalid 2010 Substitution of

23  Trustee, Countrywide had already substituted Recontrust as trustee.  (Ex. C, ECF 38-1.)

24          In California, a claim of fraud has five elements:  (1) the defendant made a false

25  representation as to a past or existing material fact; (2) the defendant knew the representation was

26  false at the time it was made; (3) in making the representation, the defendant intended to deceive

27  the plaintiff; (4) the plaintiff justifiably and reasonably relied on the representation; and (5) the

28  plaintiff suffered resulting damages.  *Lazar v. Superior Court,* 12 Cal. 4th 631, 638 (1996); *Ali v.*

1    *Humana, Inc.*, No. 12–cv–00509–AWI–GSA, 2010 WL 2376972, at *5 (E.D. Cal. June 22,

2    2012).

3               The court finds that Exhibit C directly contradicts plaintiffs' conclusion that

4    defendant Recontrust had no authority to act under the Deed of Trust.  (FAC ¶¶ 12, 18, 21; Ex. C,

5    ECF 38-1.)  Exhibit C establishes that defendant Countrywide Home Loans executed a valid

6    substitution of Recontrust as trustee in 2009.  (Ex. C, ECF 38-1.)  Plaintiffs' theory of fraud relies

7    on the conclusion that Recontrust had no authority to act under the Deed of Trust. (*See* FAC

8    ¶¶ 12, 18, 21; Ex. D, ECF 38-1.)  Plaintiffs arrive at this conclusion because they allege the 2010

9    substitution is invalid.  However, because Exhibit C provides an alternative basis for Recontrust's

10   authority to act under the Deed of Trust, plaintiffs' conclusion need not be accepted as true for the

11   purposes of this motion. *See Papasan*, 478 U.S. at 286; *Sprewell*, 266 F.3d at 988–89.

12              The court also finds plaintiffs have failed to plead their claim of fraud with

13   sufficient particularity.  In addition to the general pleading requirements of Federal Rule of Civil

14   Procedure 8, allegations of fraud must meet heightened pleading standards.  Under Rule 9(b), a

15   plaintiff who alleges fraud "must state with particularity the circumstances constituting the

16   fraud," but may "aver[] generally" the state of mind animating the fraud.  Fed. R. Civ. P. 9(b).

17   The pleading must "'be specific enough to give defendants notice of the particular misconduct . . .

18   so that they can defend against the charge and not just deny that they have done anything

19   wrong.'"  *Sanford v. Memberworks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010) (quoting *Kearns v.*

20   *Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)); *Neubronner v. Milken*, 6 F.3d 666, 671–

21   72 (9th Cir. 1993) ("A pleading is sufficient under Rule 9(b) if it identifies the circumstances

22   constituting fraud so that the defendant can prepare an adequate answer from the allegations.")

23   (internal quotations omitted); *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007)

24   (recognizing that "plaintiffs may aver scienter generally, just as the rule states–that is, simply by

25   saying that scienter existed") (internal quotation omitted).  To avoid dismissal, the complaint

26   must describe the time, place, and specific content of the false representations and identify the

27   parties to the misrepresentations.  *Kearns*, 567 F.3d at 1124.

28   /////

1    Plaintiffs allege the "2010 Assignment . . . was the product of a fraudulent scheme

2    by the Defendants to produce false documents" and that "T. Sevillano is a well-documented

3    'robo-signer', or surrogate signer, who lacks legal authority to endorse substitutions and

4    assignments of interests in real property."  (FAC ¶ 18.)  Even assuming this misrepresentation as

5    true, as well as accepting plaintiffs' general scienter claims, *see Odom*, 486 F.3d at 553, plaintiffs

6    fail to sufficiently allege facts to support the remaining elements of fraud.  In particular, plaintiffs

7    do not credibly allege reliance; instead, the First Amended Complaint contains only conclusory

8    remarks that do not clearly address how plaintiffs' alleged reliance forms the basis for their claim

9    of fraud.  (FAC ¶ 24.)  Because plaintiffs fail to allege specific facts to show the elements of a

10   fraud claim, plaintiffs' first claim fails.

11   The court GRANTS defendants' motion to dismiss the First Cause of Action for

12   fraud with leave to amend, if plaintiffs are able to amend while complying fully with Federal Rule

13   of Civil Procedure 11.

14   C.    Breach of Contract (Claim Two)

15   Defendants argue plaintiffs' contract allegations provide insufficient factual

16   support for either their performance or excuse from performance under the Deed of Trust.  (ECF

17   37 at 7.)  Defendants also contend plaintiffs fail to allege breach by defendants because

18   Recontrust was the assigned trustee and had authority to invoke power of sale.  (*Id.*)

19   "'[B]reach of contract is comprised of the following elements: (1) the contract,

20   (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the

21   resulting damages to plaintiff.'"  *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1367

22   (2010) (quoting *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1388

23   (1990)).

24   Plaintiffs allege they "performed by making regular payments under said contract

25   until on or about 2011 which is when [p]laintiffs' economic circumstances worsened."  (FAC ¶

26   33.)  Defendants argue Exhibit I of their Request for Judicial is a Notice of Trustee's Sale for

27   default under the Deed of Trust, recorded March 23, 2010, that contradicts plaintiffs' allegation of

28   regular payments "until on or about 2011."  (Ex. I, ECF 38-1.)  Although "allegations that

7

1  contradict matters properly subject to judicial notice" need not be accepted as true, *Sprewell*, 266

2  F.3d 988–89, this court must construe the complaint in the light most favorable to the plaintiff,

3  *Erickson*, 551 U.S. at 93–94.  Exhibit I alone does not contradict plaintiffs' allegation because it

4  reflects only that a notice of default was recorded, not that plaintiff was actually in default.

5  Despite this, however, plaintiffs' allegations of making regular payments "until on or about 2011

6  . . . when [p]laintiffs' economic circumstances worsened" do not satisfy the element of

7  performance or excuse from performance of the contract.  (FAC ¶ 33.)

8         As to breach, plaintiffs allege that Recontrust invoked the power of sale under the

9  Deed of Trust and that Bank of America was complicit in allowing the invocation.  (*Id.* ¶ 36.)

10  Plaintiffs allege these acts violate sections 22 and 24 of the Deed of Trust (*id.* ¶ 37), which

11  provide for the power of sale and substitution of trustee respectively.  (Ex. A, at 12–13, ECF

12  38-1.)  As previously discussed, Exhibit C provides an independent basis for concluding

13  Recontrust had authority to act under the Deed of Trust because Exhibit C reflects Recontrust was

14  validly substituted as trustee in 2009.  In light of this information, plaintiff does not show a basis

15  for the allegation of breach based on allegedly improper acts taken by Recontrust and Bank of

16  America.

17         The court GRANTS defendants' motion to dismiss the Second Cause of Action for

18  breach of contract without leave to amend.

19         D.     Wrongful Foreclosure (Claim Three)

20         Defendants argue plaintiffs base their wrongful foreclosure claim on the mistaken

21  belief that Recontrust did not have authority to mandate a non-judicial trustee's sale.  (ECF 37 at

22  7–8.)  Plaintiffs allege defendants violated California Civil Code sections 2924 and 2934.  Section

23  2924 states, in pertinent part:

24         No entity shall record or cause a notice of default to be recorded or
       otherwise initiate the foreclosure process unless it is the holder of
25         the beneficial interest under the mortgage or deed of trust, the
       original trustee or the substituted trustee under the deed of trust, or
26         the designated agent of the holder of the beneficial interest. . . .

27

28  CAL. CIV. CODE § 2924(a)(6).

8

1    Contrary to plaintiffs' theory that Recontrust had no authority due to an invalid

2    Substitution of Trustee and Assignment of Deed of Trust in 2010 (FAC ¶¶ 41–44), here again

3    Exhibit C reflects a substitution of Recontrust as trustee in 2009 (Ex. C, ECF 38-1).  Recontrust

4    was thus authorized to seek a non-judicial trustee's sale through the "subsequent recorded

5    notices" that plaintiffs contend are void for lack of authority.  (FAC ¶ 43.)  The First Amended

6    Complaint is unclear as to how defendants violated Civil Code section 2934.  (*See id.* ¶ 44.)

7    Because plaintiffs do not plead any further facts in support, plaintiffs' claim for wrongful

8    foreclosure fails.

9        The court GRANTS defendants' motion to dismiss the Third Cause of Action

10   without leave to amend.

11       E.    Violation of Business and Professions Code § 17200 (Claim Four)

12       Defendants argue plaintiffs' Section 17200 claim also is based on their mistaken

13   belief that Recontrust was not properly substituted as a trustee to the Deed of Trust.  (ECF 37 at

14   8.)  Defendants contend the only allegation relating to injury comes from paragraph 29 of the

15   First Amended Complaint, which they argue is conclusory and insufficient to support a claim

16   under Section 17200.  (*Id*. at 9.)  Additionally, defendants claim plaintiffs' conclusory allegations

17   do not offer any facts establishing a predicate wrong in the form of a fraudulent, unlawful, or

18   unfair business practice.  (*Id.*)

19       To assert a claim under Business & Professions Code § 17200, also known as

20   California's Unfair Competition Law ("UCL"), a plaintiff must have "'suffered injury in fact and

21   [have] lost money or property as a result of the unfair competition.'"  *Rubio v. Capitol One Bank*,

22   613 F.3d 1195, 1203–04 (9th Cir. 2010) (quoting Cal. Bus. & Prof. Code § 17204).  To have

23   standing under Section 17204, plaintiff "must demonstrate some form of economic injury."

24   *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 323 (2011).  "If a party has alleged or proven a

25   personal, individualized loss of money or property in any nontrivial amount, he or she has also

26   alleged or proven injury in fact."  *Id.* at 325.

27       Under the Fourth Cause of Action, plaintiffs allege, "as consumers[, they] have

28   suffered injury and damages as set forth above in Paragraph 29."  (FAC ¶ 52.)  In paragraph 29,

1   plaintiffs allege they "are entitled to an award of punitive and exemplary damages in an amount

2   sufficient to punish [d]efendants" for their conduct.  (*Id.* ¶ 29.)  These summary conclusions alone

3   are insufficient to show injury in fact and loss of money or property.

4            Plaintiffs also allege injury in saying they "have suffered consequential damages in

5   an amount yet to be determined . . . includ[ing] attorney's fees, litigation costs and the time and

6   effort expended in investigating and prosecuting [d]efendants for their fraudulent conduct."  (*Id.*

7   ¶ 30.)  Additionally, plaintiffs allege they have "suffer[ed] a further negative credit rating . . .

8   [and] have been left in limbo and have suffered anxiety, stress and extreme worry regarding their

9   personal residence . . . ."  (*Id.*)  Although "[t]here are innumerable ways in which economic injury

10  from unfair competition may be shown," the court in *Kwikset* specifically mentions:

11              A plaintiff may (1) surrender in a transaction more, or acquire in a
               transaction less, than he or she otherwise would have; (2) have a
12              present or future  property interest diminished; (3) be deprived of
               money or property to which he or she has a cognizable claim; or (4)
13              be required to enter into a transaction, costing money or property,
               that would otherwise have been unnecessary.
14

15  51 Cal. 4th at 885–86.  Attorney's fees incurred in bringing a UCL claim, however, are not

16  sufficient to establish economic injury required for standing. *See Cordon v. Wachovia Mortg., a*

17  *Div. of Wells Fargo Bank, N.A.*, 776 F. Supp. 2d 1029, 1039 (N.D. Cal. 2011).  While the injuries

18  alleged in paragraph 30 are more specific than those claimed in paragraph 29, they still are

19  insufficient to meet the economic injury requirement of the UCL.

20            The court GRANTS defendants' motion to dismiss the Fourth Cause of Action

21  without leave to amend.

22  IV.    <u>CONCLUSION</u>

23            For the foregoing reasons, the court orders:

24            1. Defendants' motion to dismiss plaintiffs' First Cause of Action for fraud and

25  fraudulent inducement against all defendants is GRANTED with leave to amend.

26            2. Defendants' motion to dismiss plaintiffs' Second Cause of Action for breach of

27  contract against all defendants is GRANTED without leave to amend.

28  /////

1          3. Defendants' motion to dismiss plaintiffs' Third Cause of Action for wrongful

2 foreclosure against all defendants is GRANTED without leave to amend.

3          4. Defendants' motion to dismiss plaintiffs' Fourth Cause of Action for violation

4 of Business & Professions Code § 17200 against all defendants is GRANTED without leave to

5 amend.

6          IT IS SO ORDERED.

7 Dated:  November 26, 2013.

8

9                                       UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28