UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSUE RIOS and YOLANDA RIOS, | No. 2:12-CV-02439-KJM-AC |
| Plaintiffs, | |
| v. | ORDER |
| BANK OF AMERICA D/B/A COUNTRYWIDE HOME LOANS, INC., et al., | |
| Defendants. | |

This matter is before the court on the motion to dismiss the Second Amended Complaint filed by defendants Bank of America, N.A. ("Bank of America") (erroneously sued as "BANK OF AMERICA D/B/A COUNTRYWIDE HOME LOANS INC." and "BANK OF AMERICA D/B/A RECONTRUST"); Mortgage Electronic Registration Systems, Inc. ("MERS") (erroneously sued as "MORTGAGE ELECTRONIC REGISTRATION SYSTEM"); and Federal National Mortgage Association D/B/A Fannie Mae ("Fannie Mae") (collectively, "defendants"). (ECF 43.)  The court held a hearing on January 31, 2014 at which Mitchell Abdallah appeared via telephone from an airplane for plaintiffs and Diane Cragg appeared via telephone for defendants. For the reasons below, the court GRANTS the motion.

/////

/////

I.     ALLEGATIONS AND PROCEDURAL HISTORY

On or about June 21, 2005, plaintiffs Josue Rios and Yolanda Rios obtained a loan from Countrywide Home Loans, Inc. for $276,800.00.  (Second Amended Complaint ("SAC") ¶ 8.)  The loan was secured by a Deed of Trust on the real property located at 9125 La Riviera Drive, Sacramento.  (*Id.* ¶¶ 1, 9.)  Originally serving as both lender and trustee, Countrywide, which was controlled by defendant Bank of America, substituted defendant Recontrust as trustee under the deed of trust on October 9, 2009.  (*Id.* ¶ 10.)  In that same document, all interests in the deed of trust and the note were assigned to Citimortgage.  (*Id.* ¶ 11.)  Accordingly, as of October 9, 2009, defendants Bank of America and Countrywide no longer had any legal interest in plaintiffs' deed of trust and note.  Plaintiffs made timely regular payments on their loan for several years.  (*Id.* ¶ 9.)

Meanwhile, on November 24, 2010, defendant Bank of America initiated a new substitution of trustee, once again to Recontrust, and a new assignment of plaintiffs' deed of trust and note to defendant FNMA.  (*Id.* ¶¶ 12–13.)  Plaintiffs allege Bank of America completed this second substitution and assignment without authority because Bank of America had given up its interests a year earlier.  (*Id.* ¶ 12.)  Because Bank of America lacked authority, the November 24, 2010 substitution and assignment is null and void.  (*Id.* ¶ 13.)  Moreover, as a result of the 2010 substitution and assignment, plaintiffs were left wondering whom they must pay and whether they must pay the loan off twice: once to Citimortgage, the first party in interest, and once to FNMA, the second.  (*Id.* ¶ 14.)  T. Sevillano, as Assistant Secretary of Bank of America, signed the invalid 2010 substitution and assignment on November 17, 2010; California Notary Ahmad Afzal notarized it on November 19, 2010 in Ventura County, California.  (*Id.* ¶ 15.)  Plaintiffs allege these signings reek of impropriety: Sevillano resided in Costa Rica when she signed.  (*Id.* ¶ 16.)  How then could Afzal notarize her signature two days later in California?  (*Id.*)

Compounding plaintiffs' confusion, FNMA ordered Recontrust to record a Notice of Default on November 18, 2010.  (*Id.* ¶ 17.)  FNMA lacked authority to do this, however, because Citimortgage was the beneficiary and it had never assigned its interests to FNMA.  (*Id.* ¶ 18.)  As a result, plaintiffs allege they are in the dangerous position of being forced to pay

2

1   FNMA the defaulted amounts owing on their loan, instead of paying the rightful beneficiary,
2   Citimortgage.  (*Id.* ¶ 21.)

3   Plaintiffs allege the invalid 2010 substitution and assignment were the product of a
4   fraudulent scheme by all defendants to produce false documents.  (*Id.* ¶ 23.)  Each defendant
5   illegally used Sevillano, a well-documented "robo-signer," to effect the invalid transfer.  (*Id.*
6   ¶ 25.)  Each defendant was aware FNMA lacked authority to record a notice of default and that
7   Sevillano could not legally endorse the invalid transfer.  (*Id.* ¶ 27.)  Defendants misrepresented to
8   plaintiffs that the 2010 transfer was valid and that they would comply with the laws that govern
9   such transfers.  (*Id.* ¶¶ 31–32.)  Plaintiffs reasonably relied upon these misrepresentations to their
10  detriment in that they do not know if FNMA or Citimortgage should receive their money to cure
11  the default or which organization could approve a loan modification.  (*Id.* ¶ 32.)  Were it not for
12  the false documents detailing the invalid transfer, plaintiffs could have cured their default and
13  could have avoided several other injuries, such as further harm to their credit rating.  (*Id.* ¶¶ 36–
14  38.)

15  Plaintiffs filed their original complaint on September 27, 2012, in which plaintiffs
16  brought ten claims including a claim for fraud.  (ECF 1.)  On March 21, 2013, the court dismissed
17  eight of plaintiffs' ten claims, including their fraud claim, which plaintiffs were given leave to
18  amend.  (ECF 24.)  Plaintiffs filed their First Amended Complaint ("FAC") on May 29, 2013,
19  bringing only four causes of action, including fraud.  (ECF 26).  The court granted defendants'
20  motion to dismiss each of plaintiffs' claims in their First Amended Complaint and once again
21  gave plaintiffs leave to amend their fraud claim.  (ECF 40 at 2 ("Order".)  Plaintiffs filed their
22  Second Amended Complaint ("SAC") on December 5, 2014, alleging only a fraud claim.  (ECF
23  42.)  Defendants filed the instant motion to dismiss the Second Amended Complaint on
24  December 23, 2013.  (ECF 43.)  Plaintiffs opposed on January 15, 2014 (ECF 45), and defendants
25  replied on January 24, 2014 (ECF 48).

26  II.    STANDARDS FOR A MOTION TO DISMISS

27  Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to
28  dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may

3

dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A motion to dismiss under this rule may also challenge the sufficiency of fraud allegations under the more particularized standard of Rule 9(b) of the Federal Rules of Civil Procedure. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quoted in *Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988–89 (9th Cir. 2001). A court's consideration of documents attached to a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003).

/////

III.     ANALYSIS

The defendants seek to dismiss plaintiffs' sole fraud claim for failure to state a claim for which relief can be granted. (ECF 37.) Defendants argue plaintiffs' fraud claim is not viable because plaintiffs do not meet the heightened pleading requirements for fraud. (ECF 43 at 5.) Additionally, defendants argue plaintiffs do not sufficiently allege reliance or damages. (*Id.*)

Plaintiffs counter they have pled with sufficient particularity and that they plead sufficient facts to demonstrate reliance and damages. (ECF 45 at 6–9.) Plaintiffs argue they pled reliance by alleging they tried to cure their default with the wrong entity. (*Id.* at 7.) Further, plaintiffs relied upon defendants' representations to their detriment in that they were unsure if FNMA or Citimortgage could cure their default or approve a loan modification. (*Id.* at 7–8.)

Having carefully reviewed the Second Amended Complaint, the court finds plaintiffs once again have not sufficiently pled reliance and damages. *See Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996) (two of the five elements of fraud are (1) that the plaintiff justifiably and reasonably relied on the fraudulent representation and (2) the plaintiff suffered resulting damages). Plaintiffs allege the "2010 substitution and assignment . . . is the product of a fraudulent scheme by all defendants to produce false documents" (SAC ¶ 23) and that "T. Sevillano is a well-documented 'robo-signer', or surrogate signer" who lacked legal authority to endorse the 2010 transfer or interests "to carry out the fraud" by "illegally signing the substitution and assignment on November 17, 2010 from San Jose, Costa Rica, only to have it notarized two days later by Ahmad Afzal in Ventura County, California" (*id.* ¶ 25). Yet, as when this court found in its order on the last motion to dismiss in this case (Order at 7), plaintiffs again plead no facts to suggest their reliance on the validity of the 2010 transfer caused their alleged damages. For example, plaintiffs do not plead they had the means to cure their default if only they knew with which entity they should deal. Accordingly, plaintiffs' reliance on defendants' alleged misrepresentations did not cause any of plaintiffs' pled injuries, such as a negative credit rating or anxiety and worry over retaining their residence.

Moreover, plaintiffs' own allegations in their complaint contradict their reliance arguments. Plaintiffs allege they did not become aware of defendants' misrepresentations until

5

after they entered into default and sought the help of a lawyer; plaintiff's counsel clarified at hearing that this was in or about September 2012. (SAC ¶ 32.) FNMA initiated the foreclosure proceedings on plaintiffs' home in 2010 (*id.* ¶ 17); if plaintiffs had no reason to suspect Bank of America could not assign Citimortgage's interest to FNMA in 2010, then plaintiffs could not have been confused about which entity should receive their payments to cure. Again, there is no allegation plaintiffs tried to make payments that were rejected because the payments were sent to the incorrect entity.

Because plaintiffs have not satisfactorily pled a fraud claim after twice receiving leave to amend, the court finds granting leave to amend a third time, to give plaintiffs a fourth bite at the apple, would be futile. *See Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (leave to amend "need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay"). Plaintiffs' claim is dismissed with prejudice.

IV. CONCLUSION

For the foregoing reasons, the court GRANTS defendants' motion to dismiss, with prejudice. This case is CLOSED.

IT IS SO ORDERED.

Dated: February 12, 2014.

_____
UNITED STATES DISTRICT JUDGE